**In the Matter of Sean P. HILGENDORF, Respondent.**

**No. 71S00–1010–DI–598.**

Supreme Court of Indiana.

Nov. 17, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** *Count I.* In 2008, Respondent was retained to represent a client in a criminal matter for a flat fee of $1,300. After the arraignment, the client informed Respondent that he had retained other counsel and inquired about a refund of the fee. Respondent refused to refund any part of the fee until after the hearing officer set a final hearing date, at which point he refunded a portion of the fee that was acceptable to the client.

*Count II.* In 2009, Respondent was appointed to represent a client in a criminal appeal. The Court of Appeals affirmed the conviction on December 9, 2009. After the deadline for seeking rehearing or transfer had expired, Respondent sent a letter to the client notifying him of the Court of Appeals' decision. Respondent's letter to the client stated that no further appellate procedures were possible without mentioning the missed deadline. After the Commission filed its verified complaint, Respondent located a notification letter to the client dated December 10, 2009, which had been misaddressed and returned to Respondent.

*Other facts.* The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; (3) Respondent's delay in refunding the unearned portion of his flat fee in Count I, although extreme, was not due to a dishonest or selfish motive, but rather was a result of a genuine question concerning the portion of the fee that was unearned.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

1.16(d): Failure to refund an unearned fee upon termination of representation.

**Discipline:** The parties propose the appropriate discipline is public reprimand. The discipline the Court would impose for Respondent's misconduct might be more severe had this matter been submitted without an agreement. However, in light of the Court's desire to foster agreed resolutions of lawyer disciplinary cases, the Court now APPROVES and ORDERS the agreed discipline. For Respondent's professional misconduct, the Court imposes a **public reprimand.**

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under

Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.